FRANNY A. FORSMAN
Federal Public Defender
State Bar No. 00014
VITO DE LA CRUZ
Assistant Federal Public Defender
201 W. Liberty St., #102
Reno, NV 89501
775-321-8451
775-784-5369 (Fax)
vito_delacruz@fd.org

Attorney for RALPH HAWKINS

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>RALPH HAWKINS,<br><br>　　　　　Defendant. | 03:09-cr-056-RCJ-VPC<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

CERTIFICATION:   This Sentencing Memorandum is timely filed.

　　　　RALPH HAWKINS, by and through counsel, Vito de la Cruz, Assistant Federal Public Defender, hereby files this Sentencing Memorandum for the Court's consideration.  Mr. Hawkins reserves the right to supplement this memorandum before or at the Sentencing Hearing scheduled before this Court for Friday, December 11, 2009 at 1:30 p.m.

**I.　　　　FACTUAL DISPUTES**

　　　　No factual disputes remain.  The parties have received the Presentence Report (PSR) prepared by the probation department. Mr. Hawkins reviewed the PSR and discussed it with counsel There are no material factual disputes contained in the PSR dated 12/1/09.

/ / / /

/ / / /

1

**II.       SENTENCING GUIDELINES**

**A.       Base Offense Level**

The PSR in this case established a base offense level of 11 under United States Sentencing Guidelines (U.S.S.G.) § 2C1.2. PSR, ¶¶ 17, 18. Mr. Hawkins received a 2 level decrease for acceptance of responsibility pursuant to U.S.S.G. §3E1.1. PSR, ¶ 24. The Total Offense therefore was determined to be 9. PSR, ¶ 25. This determination is correct.

**B.       Criminal History Category**

The PSR determined Mr. Hawkins' criminal history score to be 0. His Criminal History Category is therefore I. PSR, ¶¶ 28, 29. The PSR is correct.

**C.       Sentencing Ranges**

A Total Offense Level 9 and Criminal History Category I results in a range of 4-10 months. PSR,¶ 51, p. 15. The range is in Zone B. The range in fine is between $1,000-$10,000. A term of one year supervised release is prescribed. PSR, ¶ 58, p. 15. The mandatory penalty assessment is $100.00. Restitution is not an issue. PSR, ¶60.

**III.      THE GOVERNMENT'S SENTENCING RECOMMENDATION**

As expected, the Government has filed a motion for Downward Adjustment based upon Mr. Hawkins' substantial assistance pursuant to U.S.S.G. § 5K1.1. See, Doc. # 31. The Government set forth the nature of the assistance and concluded that a 1 level downward adjustment to base offense level 8 was appropriate and recommended a sentence of probation and a fine of $4000. See, Government's Motion and Memorandum, Doc. #31.

**IV.      MR. HAWKINS' SENTENCING RECOMMENDATION**

Mr. Hawkins has no quarrel with the Government's motion for a one level downward departure based upon his substantial assistance. Mr. Hawkins would have appreciated a more substantial adjustment but the end result and final recommendation by the Government that he be sentenced to a term of probation is of paramount importance. A one level reduction results in a Total Offense Level of 8, a sentencing range of 0-6 months, and thus a location of the defendant in Zone A. Mr. Hawkins accepts that formulation of the Offense Level and sentencing range and requests that the court impose a term of probation for a term of five (5) years. PSR, p. 15. All but one of the

1 conditions of probation suggested by the U.S. Probation Department appear appropriate. The Probation Department recommends that Mr. Hawkins "participate and successfully complete a mental health treatment program" with attendant testing and evaluations. Mr. Hawkins objects to this condition on the grounds that there has been no demonstrated need for such treatment nor any indication that mental status issues affected Mr. Hawkins commission of the underlying offense.

Mr. Hawkins recommends that the court impose a fine of $1000.00 as recommended by the probation department and as justified by the financial analysis contained at p. 9-12 of the PSR, ¶¶46-49. Mr Hawkins is facing several collateral consequences of his conviction and sentence that warrant a minimum fine. $1000.00 is the minimum fine called for by the guidelines. PSR, ¶ 58; p. 15.

**V.      CONCLUSION**

Mr. Hawkins urges the court to grant the Government's motion for a downward departure on basis of substantial assistance under U.S.S.G. 5K1.1. The Government's evaluation that Mr. Hawkins indeed supplied substantial assistance is well-founded. Mr. Hawkins joins in the Government's recommendation for a sentence of probation. Mr. Hawkins recommends a period of probation of five years. He further joins in the probation department's recommendation that a fine of $1000 be imposed. With regard to the conditions of probation, Mr. Hawkins recommends that the court impose the conditions of probation referenced at 15-17 of the PSR except one. Mr. Hawkins suggests that there is no demonstrated need for the condition that Mr. Hawkins undergo mental health treatment.

A sentence of probation as recommended above meets the sentencing concerns of 18 U.S.C. §3553(a). A sentence of probation is sufficient but not more than necessary to address issues of deterrence, respect for the law, rehabilitation of the defendant, the nature and circumstances of the offense, and the history and characteristics of the defendant, especially this defendant. He was a successful law enforcement officer who allowed himself to be manipulated by a famous person–Joe

/ /

/ /

/ /

1  Francis. Once he realized his error, Mr. Hawkins immediately cooperated and substantially assisted
2  the United States. Doc. 31, p. 3.  He merits a grant of probation.

4      DATED this 4th day of December, 2009.

6                                      FRANNY A. FORSMAN
                                        Federal Public Defender

8                                  By  */s/ Vito de la Cruz*
                                        VITO DE LA CRUZ
9                                       Assistant Federal Public Defender
                                        For Ralph Hawkins

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the law offices of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on December 4, 2009, a true and correct copy of the above and foregoing document was electronically filed and served on the person named below:

RONALD C. RACHOW
ASSISTANT U. S. ATTORNEY
100 WEST LIBERTY, #600
RENO, NEVADA 89501

**By fax on:**
CHRISTOPHER P. DECRICCO
U.S. PROBATION
400 SOUTH VIRGINIA STREET
SUITE 103
RENO, NEVADA 89501

**By mail on:**
RALPH HAWKINS

   */S/ Shirley Ariztia*
An Employee of the Federal Public Defender

O:\Ariztia\CLIENTS\Hawkins, Ralph\sent-mem.wpd        5